# EXHIBIT "A"

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Fayette _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 1105 EZ 2018 SN |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Leah Dice

Lead Defendant's Name:
Progressive Insurance

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☐ outside arbitration limits

**Is this a *Class Action Suit*?**   ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?**   ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney:  James T. Davis

☐   Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☒ Other:
  Breach of Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

FILED  2018 MAY 25  PM 3:48  FAYETTE COUNTY

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CIVIL DIVISION

LEAH DICE,

       Plaintiff,

            vs.

PROGRESSIVE INSURANCE,

       Defendant.

NO. _____ OF 2018, G.D.


**COMPLAINT**


**JURY TRIAL DEMANDED**



Filed on behalf of:

Leah Dice, Plaintiff




Counsel of record for this party:

James T. Davis, Esquire
Attorney ID # 23527
**DAVIS & DAVIS**
107 East Main Street
Uniontown, PA  15401

(724) 437-2799

D0197432.1

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CIVIL DIVISION

LEAH DICE,                              :
                                        :
              Plaintiff,                :
                                        :   NO. _____ OF 2018, G.D.
       vs.                              :
                                        :
                                        :   **JURY TRIAL DEMANDED**
PROGRESSIVE INSURANCE,                  :
                                        :
              Defendant.                :
                                        :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PENNSYLVANIA LAWYER REFERRAL
SERVICE PENNSYLVANIA BAR ASSOCIATION
100 South Street
P.O. Box 186
Harrisburg, PA 17108
1-800-692-7375

D0197432.1

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| LEAH DICE, | : |
| | : |
| Plaintiff, | : |
| | : NO. _____ OF 2018, G.D. |
| vs. | : |
| | : |
| | : **JURY TRIAL DEMANDED** |
| PROGRESSIVE INSURANCE, | : |
| | : |
| Defendant. | : |
| | : |

### COMPLAINT

AND NOW, comes the Plaintiff Leah Dice, by and through her attorney,  James T. Davis, Esquire, of Davis & Davis, and respectfully submits the following:

1.     The Plaintiff, Lean Dice, is an adult individual who resides at 43 Fayette Street, Smithfield, Fayette County, Pennsylvania 15478.

2.     The Defendant, Progressive Insurance (hereinafter referred to as "Progressive"), is a corporation authorized to conduct business and to issue policies in the Commonwealth of Pennsylvania and regularly conducts business at their office located at 5165 Campus Drive, Suite 100, Plymouth Meeting, Montgomery County, Pennsylvania 19462.

3.     At all times material and relevant to this Complaint, the Plaintiff, Leah Dice, was a passenger at the time of the motor vehicle collision.

4.     At all times material and relevant to this Complaint, Twin Oaks Home Care was the owner of a 2015 Toyota Sequoia being operated by James Dice, father of Leah Dice and vice-president of Twin Oaks Home Care.

5.    On February 14, 2014, at or about 3:05 p.m., the Plaintiff, Leah Dice, was a passenger in the 2012 Toyota Sequoia being operated by James Dice West on S-34-39, Marion, South Carolina 29571.

6.    At that time, Sally Mae Harness was driving a 2003 Dodge South on US 501, Marion, South Carolina  29571, when she failed to yield the right of way to the vehicle being operated by James Dice and struck same.

7.    As a direct and proximate result of this collision, Plaintiff Leah Dice's body was thrown violently about the interior of the vehicle, which caused her to sustain the serious bodily injuries more particularly described hereinafter.

8.    At the time of the collision, Twin Oaks Home Care owned the 2012 Toyota Sequoia which was insured by Defendant, Progressive Insurance, policy number 08262376-9 (the "Progressive policy"). A true and correct copy of the documents that Defendant, Progressive Insurance Company, has represented as the policy is attached hereto as Exhibit "A."

9.    At the time Twin Oaks Home Care and James Dice purchased the Progressive policy, they elected to purchase underinsured motorist benefits coverage in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00).

10.    As a result of the selection of underinsured motorist benefits, Twin Oaks Home Care and James Dice paid and the Defendant, Progressive Insurance, accepted, increased premium payments.

11.    On February 2, 2017, counsel for the Plaintiff requested Progressive's waiver of subrogation and approval of a settlement with Sally Mae Harness, and her insurer, Omni Indemnity

Company. At this time, Plaintiff further advised the Defendant, Progressive Insurance, of her intention to pursue an underinsured motorist claim.

12.    Also on February 2, 2017, Defendant, Progressive Insurance Company, agreed to waive subrogation against Sally Mae Harness and consented to a proposed settlement between the Plaintiff and Sally Mae Harness and Omni Indemnity Company for Sally Mae Harness' policy limits of Fifty Thousand and 00/100 Dollars ($50,000.00), with Plaintiff receiving a share of Twenty Thousand and 00/100 Dollars ($20,000.00). A copy of the letter from Progressive Insurance Company is attached hereto as Exhibit "B".

13.    On May 1, 2017, Defendant offered a settlement proposal to settle Plaintiff's underinsured motorist claim for the sum of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00), which Plaintiff rejected. Plaintiff proposed settling for the policy limits of One Hundred Thousand and 00/100 Dollars ($100,000.00).

14.    On October 23, 2017, Defendant again offered a settlement proposal to settle Plaintiff's underinsured motorist claim, increasing their offer to Three Thousand Five Hundred and 00/100 Dollars ($3,500.00), which Plaintiff also rejected.

15.    The Plaintiff, Leah Dice, through her attorney, has made demands for the underinsured motorist coverage under the Progressive policy based upon the Plaintiff's injuries.

16.    The Defendant, Progressive Insurance, has denied payment of the underinsured motorist coverage.

## COUNT I

## LEAH DICE v. PROGRESSIVE INSURANCE

### (Breach of Contract)

17.    The allegations contained in paragraphs 1 through 16 are incorporated by reference.

18.    Plaintiff has fully complied with all of the terms, conditions, and duties required under the Progressive policy.

19.    The Defendant, Progressive Insurance, has failed to objectively and fairly evaluate the Plaintiff's claim.

20.    Defendant, Progressive Insurance, has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

21.    As the family member of the holder of a policy, the Plaintiff is owed by Defendant, Progressive Insurance, a fiduciary, contractual, and statutory obligation to investigate, evaluate, and negotiate the underinsured motorist claim in good faith and arrive at a prompt, fair, and equitable settlement.

22.    For the reasons set forth above, Defendant, Progressive Insurance, has violated its obligations under the policy of insurance.

WHEREFORE, the Plaintiff, Leah Dice, prays this Honorable Court to grant judgment in her favor and against the Defendant, Progressive Insurance, in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00) as well as interest, costs of suit, attorneys fees and such other relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED.**

D0197432.1                                    -5-

## COUNT II

## LEAH DICE v. PROGRESSIVE INSURANCE

### (Bad Faith)

23. The allegations contained in paragraphs 1 through 20 are incorporated by reference.

24. The actions of Defendant, Progressive Insurance, in the handling of Plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa.C.S.A. § 8371 as follows:

(a) failing objectively and fairly to evaluate Plaintiff's claim;

(b) failing objectively and fairly to reevaluate Plaintiff's claim based on new information;

(c) engaging in dilatory and abusive claims handling;

(d) failing to adopt or implement reasonable standards in evaluating Plaintiff's claim;

(e) acting unreasonably and unfairly in response to Plaintiff's claim;

(f) not attempting in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiff's claim in which the Defendant's liability under the policy had become reasonably clear;

(g) subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

(h) failing to promptly offer reasonably payment to the Plaintiff;

(i) failing to reasonably and adequately investigate Plaintiff's claim;

(j) failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(k) violating the fiduciary duty owed to the Plaintiff;

(l) acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the plaintiff;

(m) failing to make an honest, intelligent, and objective settlement offer;

(n) causing Plaintiff to expend money on the presentation of her claim; and

(o) causing the Plaintiff to bear the stress and anxiety associated with litigation.

25. An insurer such as Defendant, Progressive Insurance, has a fiduciary, contractual, and statutory obligation to those such as the Plaintiff.

26. Plaintiff has fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to her right to recover under the policy.

27. For the reasons set forth above, Defendant, Progressive Insurance, has violated the policy of insurance and its obligations to the insurer, has failed to act toward the Plaintiff in good faith, and has violated 42 Pa.C.S.A. § 8371; for which the Defendant is liable for compensatory and punitive damages, together with interest, attorneys fees, and such other relief as this honorable Court deems appropriate.

28. Defendant, Progressive Insurance, has engaged in wanton and reckless conduct with regard to the welfare, interest, and rights of the Plaintiff and is liable for its bad faith conduct.

WHEREFORE, the Plaintiff, Leah Dice, demands judgment against the Defendant, Progressive Insurance, and in her favor in an amount in excess of the arbitration limits for compensatory damages, punitive damages, interest, costs of suit, attorney's fees, and any other damages allowed by 42 Pa.C.S.A. § 8371.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

DAVIS & DAVIS

BY _____
James T. Davis, Esquire
Attorney for the Plaintiff

5/25/18

D0197432.1       -7-

## VERIFICATION

I, Leah Dice, verify that the statements made in this COMPLAINT are true and correct to the best of our knowledge, information and belief. I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsifications to authorities.

_____
Leah Dice

Date: 5 - 12 - 18